UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CORRY BARNETT, | Case No. 3:20-cv-00295-GMN-WGC |
| Petitioner, | **ORDER** |
| v. | |
| TIM GARRETT, et al., | |
| Respondents. | |

**I.     Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254.  The court directed petitioner, Corry Barnett, to pay the filing fee, ECF No. 8, which Barnett has done, ECF No. 9.  The court has reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Some of the grounds for relief are defective, but first Barnett must show cause why the court should not dismiss the action as untimely.

Barnett also has filed a motion for appointment of counsel.  The court denies this motion.

**II.    Legal Standard**

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

1

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). This tolling does not include time spent in certiorari proceedings before the Supreme Court of the United States after conclusion of state post-conviction review. Lawrence v. Florida, 549 U.S. 327, 331-36 (2007). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A state petition filed after the expiration of the federal period of limitation does not revive the federal period of limitation. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). "First, for a litigant to demonstrate 'he has been pursuing his rights diligently,' Holland, 560 U.S. at 649 [. . .], and thus

satisfies the first element required for equitable tolling, he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc). "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." Id. at 599. "Second, and relatedly, it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." Id.

Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

### III.   Procedural History

After a jury trial in state district court, Barnett was convicted of one count of possession of a controlled substance and one count of ownership or possession of a firearm by a prohibited person. ECF No. 1-1 at 2. Barnett appealed. On October 11, 2017, the Nevada Court of Appeals affirmed. Barnett v. State, Case No. 71132-COA & 71132.[1] The judgment of conviction became final with expiration of the time to petition for a writ of certiorari, on January 9, 2018.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=50766&combined=true (report generated August 10, 2020).

3

On April 5, 2019, Barnett filed a post-conviction habeas corpus petition in the state district court. ECF No. 1-1 at 1. The state district court denied the petition. <u>Barnett v. Baker</u>, Case No. A-19-792749-W.[2] Barnett appealed. On May 11, 2020, the Nevada Court of Appeals affirmed. That court determined that the post-conviction petition was untimely under Nev. Rev. Stat. § 34.726(1). <u>Barnett v. State</u>, No. 79282-COA & 79282.[3] Remittitur issued on June 5, 2020.

On May 15, 2020, the Lovelock Correctional Center mailed the current § 2254 petition to the court. ECF No. 1-1 at 28.

**IV.    Discussion**

    **A.    The petition is untimely**

On its face, the petition is untimely. As noted above, the judgment of conviction became final on January 9, 2018. Barnett had nothing else pending in the state courts for the next year that could toll the federal one-year period, and that period expired at the end of January 9, 2019. Barnett's state post-conviction petition, filed on April 5, 2019, did not toll the federal one-year period for two reasons. First, that petition itself was untimely, and an untimely state petition does not qualify for tolling under § 2244(d)(2). <u>Pace</u>, 544 U.S. at 417. Second, the federal one-year period had expired almost three months before Barnett filed his state petition, and the state petition could not revive the federal one-year period. <u>Ferguson</u>, 321 F.3d at 823. The petition, with a postage meter date of May 15, 2020, is more than a year late.

    **B.    Petitioner has not demonstrated equitable tolling**

Ground 2 is a claim that the state courts erred in ruling that his post-conviction habeas corpus petition was untimely and that he had not shown cause and prejudice under Nev. Rev. Stat. § 34.726(1) to excuse the state statute of limitations.[4] Ground 2 also cites federal law regarding

---

[2] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11948394 (report generated August 10, 2020).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=57752&combined=true (report generated August 10, 2020).

[4] This is one of the grounds that is defective, as noted above. The court will reserve discussion of the merits of ground 2 until and unless Barnett can show cause why the court should not dismiss the entire action as untimely.

equitable tolling of § 2244(d)(1). The court has reviewed them and finds that they do not demonstrate the need for equitable tolling.

Barnett alleges that he tried multiple times to contact his counsel on direct appeal about the status of that appeal. ECF No. 1-1 at 7. Appellate counsel never told him about the conclusion of the appeal nor sent the direct-appeal remittitur to him.[5] Id. Barnett learned himself that his appeal had been decided. Id. Barnett does not allege when he learned about the conclusion of the direct appeal.

For the purposes of this order, the court will make three assumptions. First, the court assumes that Barnett did not learn about the conclusion of his direct appeal until after both the state and federal statutes of limitations had run out. Second, the court assumes that Barnett is correct that counsel failed to inform him about the conclusion of the direct appeal. Third, the court assumes that the lack of knowledge of a direct-appeal decision was an extraordinary circumstance that prevented Barnett from filing a federal habeas corpus petition.

Nonetheless, the allegations in ground 2 do not demonstrate diligence. Barnett needed to be diligent in filing a federal habeas corpus petition after that extraordinary circumstance ended. Smith, 953 F.3d at 598-99. After Barnett learned about the direct-appeal decision, he filed a state habeas corpus petition. He knew that the state petition was untimely, because he alleges in ground 2 that the state court's should have accepted his arguments for good cause and actual prejudice under Nev. Rev. Stat. § 34.726(1). Although the federal statute of limitations and the state statute of limitations have different starting dates, it was clear by the time that Barnett filed his state habeas corpus petition that the federal period of limitations also had expired. At the time of filing the state habeas corpus petition, Barnett could not rely on the state habeas corpus petition to toll the federal period of limitations for the two reasons stated above in part IV.A. First, the state petition likely was untimely and ineligible for tolling under 28 U.S.C. § 2244(d)(2). Second, the federal period had expired, and there was no time left for the state petition to toll. Barnett needed to file a protective habeas corpus petition in federal court and then seek a stay while the

---

[5] If a person appeals the judgment of conviction, then the state's statute of limitation runs one year from the issuance of remittitur at the conclusion of the appeal. Nev. Rev. Stat. § 34.726(1).

state habeas corpus petition proceeded through the state courts. <u>Pace</u>, 544 U.S. at 416. Instead, Barnett waited for more than a year, until after the state habeas corpus proceedings concluded, before he sent the current federal habeas corpus petition to this court. This is a lack of diligence that is fatal to a request for equitable tolling.

### C. Petitioner has not demonstrated actual innocence

Barnett mentions that he asked the state courts not to dismiss the state petition because he was actually innocent. ECF No. 1-1 at 6-7. However, the rest of ground 2 are explanations in support of equitable tolling and excusing procedural defaults because of ineffective assistance of counsel. Nowhere in ground 2 does Barnett allege new evidence that, in combination with the evidence presented at trial, would have led "no juror, acting reasonably, . . . to find him guilty beyond a reasonable doubt." <u>McQuiggin</u>, 569 U.S. at 386 (internal quotation omitted).

### D. Petitioner will need to show cause why the court should not dismiss this action

The court has found that Barnett's arguments for equitable tolling and actual innocence, as presented in ground 2 of the petition, are insufficient. However, ground 2 is a claim that the state courts erred in finding that his state petition was untimely. The court adapted those arguments to the current circumstances of untimeliness and found them wanting. The court will give Barnett the opportunity to show cause why the court should not dismiss the action, if he has other arguments for equitable tolling or actual innocence.

### E. The court denies petitioner's motion for appointment of counsel

Barnett has filed a motion for appointment of counsel (ECF No. 2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. <u>McCleskey v. Zant</u>, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. <u>Weygandt</u>,

718 F.2d at 954. After reviewing the petition and finding that it is untimely, the court denies this motion.

## V. Conclusion

IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that petitioner will have 45 days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: August 12, 2020

_____
GLORIA M. NAVARRO
United States District Judge