1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                             **DISTRICT OF NEVADA**

10

11    CORRY BARNETT,                          Case No. 3:20-cv-00295-GMN-WGC

12                   Petitioner,              **ORDER**

13          v.

14    TIM GARRETT, et al.,

15                   Respondents.

16

17          This is a habeas corpus action under 28 U.S.C. § 2254.  The court directed petitioner,

18    Corry Barnett, to show cause why the court should not dismiss the petition as untimely under 28

19    U.S.C. § 2244(d)(1).  ECF No. 10.  Barnett has filed a response.  ECF No. 14.  Barnett does not

20    persuade the court, and the court dismisses the action.

21          Barnett does not disagree with the court's calculations.  The Nevada Court of Appeals

22    decided his direct appeal on October 11, 2017.  Barnett's judgment of conviction became final on

23    January 9, 2018 under 28 U.S.C. § 2244(d)(1)(A).  He filed his state post-conviction habeas

24    corpus petition on April 5, 2019.  He dispatched his federal habeas corpus petition on May 15,

25    2020.  The federal one-year period expired at the end of January 9, 2019.  His state petition was

26    untimely under Nev. Rev. Stat. § 34.726.  It did not toll the federal one-year period under 28

27    U.S.C. § 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  It also did not revive the

28    already expired federal one-year period.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

                                                 1

1   2003).  Consequently, Barnett commenced this action more than one year and four months after

2   the federal one-year period expired.  ECF No. 10 at 4.

3     The court construed ground 2 of the petition as an argument for equitable tolling, and the

4   court found it unpersuasive.  Barnett argued that his appellate counsel did not inform him about

5   the decision of the Nevada Court of Appeals on direct appeal.  The court found that, even if

6   Barnett's arguments were true, he still did not demonstrate diligence.  Equitable tolling does not

7   stop the clock like statutory tolling does.  <u>Smith v. Davis</u>, 953 F.3d 582, 598-99(9th Cir. 2020)

8   (en banc).  Once Barnett realized that the Nevada Supreme Court had decided his appeal back in

9   October 2017, equitable tolling required him to diligently file a federal habeas corpus petition,

10  <u>regardless of what Barnett filed in state court</u>.  Barnett could not file a state post-conviction

11  petition and hope that the state courts would find the petition to be timely under Nev. Rev. Stat.

12  § 34.726.  In any event, a timely state petition would have done Barnett no good because the

13  federal one-year period already had expired, and the state petition could not have revived that

14  period.  <u>Ferguson</u>, 321 F.3d at 823.  In short, filing a state petition, waiting for more than a year,

15  and hoping for the best was not the diligence required for equitable tolling.  ECF No. 10 at 4-6.

16    The court summarily rejected the argument for actual innocence in ground 2 because

17  Barnett did not allege any new evidence that, in combination with the evidence presented at trial,

18  would have given any reasonable juror reasonable doubt about his guilt.  ECF No. 10 at 6.

19    Barnett's response does not persuade the court.  First, much of the response is an argument

20  on the merits of Barnett's claim.  He argues that trial counsel provided ineffective assistance

21  because trial counsel did not investigate the case, did not object to prosecutorial misconduct, and

22  did not communicate with him.  ECF No. 14 at 3-5.  He argues that appellate counsel did not

23  communicate with him about the issues that he wanted raised on appeal.  ECF No. 14 at 4-5.

24  These arguments are not relevant to determining whether equitable tolling is warranted.  Second,

25  Barnett argues that appellate counsel did not inform him of the decision on direct appeal.  ECF

26  No. 14 at 5.  The court already addressed that argument in its order to show cause, and the court

27  has summarized why the argument does not demonstrate the diligence necessary for equitable

28

1   tolling.  Nothing in Barnett's response changes the determination that the court made in the order

2   to show cause.  This action is untimely and equitable tolling is not warranted.

3          Also before the court is Barnett's motion for appointment of counsel (ECF No. 13),

4   respondents' opposition (ECF No. 15), and Barnett's reply (ECF No. 16).  The court denies this

5   motion because the court is dismissing the action as untimely.

6          To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a

7   certificate of appealability, after making a "substantial showing of the denial of a constitutional

8   right."  28 U.S.C. §2253(c).

9          Where a district court has rejected the constitutional claims on the merits, the
           showing required to satisfy §2253(c) is straightforward:  The petitioner must
10         demonstrate that reasonable jurists would find the district court's assessment of the
           constitutional claims debatable or wrong.  The issue becomes somewhat more
11         complicated where, as here, the district court dismisses the petition based on
           procedural grounds.  We hold as follows:  When the district court denies a habeas
12         petition on procedural grounds without reaching the prisoner's underlying
           constitutional claim, a COA should issue when the prisoner shows, at least, that
13         jurists of reason would find it debatable whether the petition states a valid claim of
           the denial of a constitutional right and that jurists of reason would find it debatable
14         whether the district court was correct in its procedural ruling.

15   Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79

16   (9th Cir. 2000).  Reasonable jurists would not find debatable the court's conclusion that equitable

17   tolling is not warranted.  Barnett simply did not demonstrate that he acted diligently, even after

18   the court gave him the opportunity to make that demonstration.  The court will not issue a

19   certificate of appealability.

20          IT THEREFORE IS ORDERED that petitioner's motion for appointment of counsel (ECF

21   No. 13) is **DENIED**.

22          IT FURTHER IS ORDERED that this action is **DISMISSED** with prejudice because it is

23   untimely.  The clerk of the court is directed to enter judgment accordingly and to close the action.

24          IT FURTHER IS ORDERED that a certificate of appealability will not issue.

25          DATED:  October 7, 2020

26                                                          _____

27                                                          GLORIA M. NAVARRO
                                                            United States District Judge

28

3